**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FOX NEWS NETWORK, LLC,

    Plaintiff,

  - against -

TVEYES, INC.,

    Defendant.

Case No.  13-CV-5315 (AKH)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION**
**TO DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

RELEVANT FACTUAL BACKGROUND....................................................................................1

ARGUMENT ..........................................................................................................................2

I.     FOX'S STATE-LAW MISAPPROPRIATION CLAIM IS PREEMPTED BY THE COPYRIGHT ACT....................................................................................3

II.    FOX FAILS TO STATE A CLAIM FOR "HOT NEWS" MISAPPROPRIATION ..........5

CONCLUSION......................................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Cases</u>

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)............................................................................................2, 7, 9

*Barclays Capital, Inc. v. Theflyonthewall.com.,*
    650 F.3d 876 (2d Cir. 2011)..........................................................................3, 4, 5, 6, 7, 8

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).............................................................................................2, 7

*Computer Assoc. Int'l v. Altai, Inc.,*
    982 F.2d 693 (2d Cir. 1992)..................................................................................4

*Durham Indus., Inc. v. Tomy Corp.,*
    630 F.2d 905 (2d Cir. 1980)..................................................................................5

*Eyal R.D. Corp. v. Jewelex N.Y. Ltd.,*
    784 F. Supp. 2d 441 (S.D.N.Y. 2011).................................................................5, 9

*Freidus v. Barclays Bank PLC,*
    --- F.3d ---, 2013 WL 4405291 (2d Cir. Aug. 19, 2013) ......................................1

*Fin. Info. v. Moody's Investor Serv.,*
    808 F.2d 204 (2d Cir. 1986)..................................................................................4, 7

*Forest Park Pictures v. Universal Television Network, Inc.,*
    683 F.3d 424 (2d Cir. 2012)..................................................................................6

*International News Service v. The Associated Press,*
    248 U.S. 215 (1918)...............................................................................................6, 8

*Jeffrey Milstein v. Greger, Lawlor, Roth Inc.,*
    58 F.3d 27 (2d Cir. 1995) ......................................................................................5

*Metropolitan Opera Ass'n, Inc. v. Wagner-Nichols Recorder Corp.,*
    101 N.Y.S.2d 483 (N.Y. Sup. Ct. 1950) ..............................................................4

*Nat'l Basketball Ass'n v. Motorola, Inc.,*
    105 F.3d 841 (2d Cir. 1997)..........................................................................3, 4, 5, 6, 7, 8

*Ochre LLC v. Rockwell Architecture, Planning & Design, P.C.,*
    No. 13-0005-cv, 2013 WL 3606123 (2d Cir. July 16, 2013)................................9

*Walker v. Time Life Films, Inc.,*
    784 F.2d 44 (2d Cir. 1986)....................................................................................3, 4

## **Rules / Statutes**

17 U.S.C. § 301................................................................................................................3, 4, 5

Fed. R. Civ. P. 12(b)(6)......................................................................................................1, 2, 9

Fed. R. Civ. P. 11.....................................................................................................................8

Defendant TVEyes, Inc. ("TVEyes") respectfully submits this memorandum of law in support of its motion to dismiss Counts II and III of Fox News Network, LLC's ("Fox") complaint (the "Complaint") [ECF Doc. 1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").  Count III (misappropriation) is entirely preempted by the Copyright Act as a matter of law, and Count II ("hot news" misappropriation) fails to provide the requisite factual allegations to support a claim.  This Court should therefore dismiss Counts II and III.

## RELEVANT FACTUAL BACKGROUND[1]

Defendant TVEyes is a media-monitoring service.  (Compl. ¶ 31).  Its customers include, *inter alia*, major corporations from a wide variety of industries, educational institutions, media and entertainment companies (including The New York Times and Time Warner Cable), public officials (including members of the U.S. House of Representatives and the United States Senate), professional sports teams and leagues, political organizations, and governmental entities (including the United States Department of Defense and the United Nations).  (*See id.* ¶ 8 (referencing TVEyes' website located at www.tveyes.com)).  TVEyes records the broadcasts of over 1,600 television and radio stations around the world and, using its own proprietary technology, archives and indexes the content in order to deliver ***relevant excerpts*** of this content to users in response to specific keywords and/or search queries for a monthly fee.  (*See id.* ¶¶ 8, 30, 31, 34).  All of these activities are undertaken though TVEyes' own efforts and at its sole expense.  Fox does not allege otherwise.

---

[1]   The Court must assume, for purposes of this motion only, the truth of the well-pleaded factual allegations contained in the Complaint.  *Freidus v. Barclays Bank PLC*, --- F.3d ---, 2013 WL 4405291, at *1 (2d Cir. Aug. 19, 2013).

Plaintiff Fox owns and operates two national cable channels—Fox News Channel and Fox Business Network—and creates and produces original television programming for those channels.  (*Id.* ¶¶ 11, 20).  Fox earns revenue from: (1) cable companies, which pay Fox a royalty content for distribution to their customers; and (2) advertisers, which pay Fox a fee to telecast advertisements during commercial breaks in Fox's programming.  (*Id.* ¶ 20).

The gravamen of Fox's Complaint is that TVEyes "copies" certain Fox programming and, in so doing, infringes Fox's copyrights in those products.  (*See*, *e.g.*, *id.* ¶¶ 1, 4, 5, 30, 31, 34, 36-46).  Fox does not allege that TVEyes operates cable channels, produces original television programming, or generates revenues from cable companies or advertisers.  Nor does Fox allege that it offers a media-monitoring service akin to TVEyes' service.

## ARGUMENT

A complaint that "fail[s] to state a claim upon which relief can be granted" should be dismissed pursuant to Rule 12(b)(6).  In evaluating a motion to dismiss, this Court must of course accept all well-pleaded allegations contained in the complaint as true and it must draw all reasonable inferences in the plaintiffs' favor.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  But a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  In particular, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (citations omitted).

We first explain why the claims set forth in Count III are preempted, and then address why Count II fails to fit within a narrow exception to preemption.

## I.   FOX'S STATE-LAW MISAPPROPRIATION CLAIM IS PREEMPTED BY THE COPYRIGHT ACT

In Count III of the Complaint, which Fox labels "State Law Misappropriation (Direct Competition)," Fox alleges that TVEyes is liable for misappropriation under New York's common law by "intentionally misappropriating Fox News content and palming it off to consumers . . . intentionally misleading the public to believe that there is a connection between Fox News and TVEyes where there is none."  (Compl. ¶ 74.)[2]  Count III should be dismissed as a matter of law because, under binding precedent of this Circuit, state-law unfair competition/misappropriation claims based on the copying of a plaintiff's copyrighted works are preempted by the Copyright Act.  *See Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 852 (2d Cir. 1997) ("*NBA*") (holding New York's broad misappropriation doctrine is preempted by federal copyright law); *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986) ("Walker's cause of action for unfair competition is preempted by the federal copyright laws to the extent it seeks protection against copying of Walker's book."); *see also* 17 U.S.C. § 301 ("all legal or equitable rights that are equivalent to any of the exclusive rights" of the Copyright Act "are governed exclusively by" the Copyright Act).

To determine whether a state-law misappropriation claim is preempted by the Copyright Act, courts in this Circuit apply a two-pronged test.  *See Barclays Capital, Inc. v. Theflyonthewall.com.*, 650 F.3d 876, 892 (2d Cir. 2011) ("*Fly*").   A claim is preempted if: (a) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by the Copyright Act; and (b) the work in question is of the type of works protected by the Copyright Act.  *Id.*  In the instant case, there can be no dispute

---

[2]   In a letter to Defendant's counsel dated August 26, 2013, counsel for Plaintiff stated that both Counts II and III of the Complaint are brought under New York state common law.

that both elements are met: the essence of Count III is that TVEyes' alleged copying, distributing and performing of Fox's copyrightable content amounts to misappropriation under New York law—all of which are governed by the Copyright Act.   (*See* Compl. ¶¶ 72, 74.)

Where both prongs of the preemption test are satisfied, courts will then apply the so-called "extra element test" to determine whether the claim should nonetheless survive preemption.  This test asks whether "an 'extra element' is 'required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action,'" to ascertain whether the claim is ***qualitatively*** different from a copyright claim.  *NBA*, 105 F.3d at 850 (quoting *Computer Assoc. Int'l v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)).  If so, "then the right does not lie within the general scope of copyright, and there is no preemption."  *Id.*  Courts in this Circuit have consistently held that non-"hot news" misappropriation claims grounded in acts of copying are preempted by the Copyright Act.  *See*, *e.g.*, *NBA*, 105 F.3d at 852; *Walker,* 784 F.2d at 53; *Fin. Info. v. Moody's Investor Serv.*, 808 F.2d 204, 208 (2d Cir. 1986) (holding that unfair competition claims arising from defendant's alleged copying of plaintiff's work are preempted).  In addition, recently in *Fly*, the Second Circuit reiterated its view (previously expressed in *NBA*) that the broad doctrine of unfair-competition law described and applied in *Metropolitan Opera Ass'n, Inc. v. Wagner-Nichols Recorder Corp.*, 101 N.Y.S.2d 483 (N.Y. Sup. Ct. 1950), is preempted by the Copyright Act.  *See Fly*, 650 F.3d at 896-97.

Fox's "direct competition" misappropriation claim undeniably is based upon acts of copying, and therefore is preempted by the Copyright Act.  Fox alleges that TVEyes misappropriated Fox's "premium programming and content," "palming it off" to consumers as its own, for a profit.  (Compl. ¶¶ 72, 74.)  At bottom, this claim is qualitatively equivalent to

Fox's claim for copyright infringement, requiring no additional element beyond the allegations of unauthorized copying of Fox's works, and is thus subject to preemption.  The Complaint contains no meaningful factual allegations of any wrongdoing by TVEyes other than those grounded in TVEyes' purported copying of Fox's content.[3]  The Second Circuit deems such claims preempted by § 301 of the Copyright Act.  *See*, *e.g.*, *Computer Assoc. Int'l*, 982 F.2d at 717 ("[U]nfair competition and misappropriation claims grounded solely in the copying of a plaintiff's protected expression are preempted by Section 301 [of the Copyright Act].");  *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 919 (2d Cir. 1980) ("To the extent that Tomy's unfair competition claim seeks protection against Durham's copying," it is preempted.).  Indeed, just last year, this very Court dismissed a state-law misappropriation claim as preempted by the Copyright Act where the plaintiff "simply attempted to dress up its claim that [the defendant] had copied [plaintiff's work]."  *Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*, 784 F. Supp. 2d 441, 447 (S.D.N.Y. 2011) (Hellerstein, J.).

For these reasons, the Court should dismiss Count III of the Complaint.

## II.  FOX FAILS TO STATE A CLAIM FOR "HOT NEWS" MISAPPROPRIATION

Count II of the Complaint, which alleges that TVEyes engages in "hot news" misappropriation under New York state law, should be dismissed because it fails to allege the facts necessary to state a claim under controlling Second Circuit authority.

The two seminal cases of this Circuit addressing "hot news" misappropriation are *NBA*, decided in 1997, and *Fly*, decided in 2011.  In both *Fly* and *NBA*, the Second Circuit recognized an extremely narrow exception to the rule (discussed *supra*, Section I) that claims of misappropriation under New York state common law arising from the defendant's alleged

---

[3]   To extent that Count III of the Complaint sounds in "hot news" misappropriation, it is duplicative of Count II, and should be dismissed for the reasons discussed *infra*, Section II.

copying of the plaintiff's materials are preempted by federal copyright law. *See Fly*, 650 F.3d at 896 ("The *NBA* panel repeatedly emphasized the 'narrowness' of the 'hot news' tort."); *NBA*, 105 F.3d at 852 ("[O]nly a narrow 'hot news' misappropriation claim survives preemption."). This narrow exception applies only to allegations of misappropriation that mirror the facts of *International News Service v. The Associated Press*, 248 U.S. 215 (1918) ("*INS*"). *See NBA*, 105 F.3d at 845 ("[I]t is generally agreed that a 'hot-news' *INS*-like claim survives preemption.") (citations omitted). As the Second Circuit has explained, such an "*INS*-like" claim exists only where a defendant "free rides" on the efforts of a direct competitor by (1) taking for its own use time-sensitive *factual information*, (2) collected at the expense of the plaintiff, (3) thereby producing a *directly* competitive service in a timely manner and at a lower cost than the plaintiff, (4) that destroys the plaintiff's financial incentive to collect and report the information in the first instance. *See Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 430-31 (2d Cir. 2012) ("Hot news" misappropriation claims are not preempted under state law where the plaintiff demonstrates "time-sensitive factual information, free-riding by the defendant, and a threat to the very existence of the plaintiff's product."); *Fly*, 650 F.3d at 902-06; *NBA*, 105 F.3d at 853.

Even accepting all of Fox's factual allegations as true, the Complaint does not state a claim for "hot news" misappropriation under the law of this Circuit.

*First*, Fox has not identified any specific time-sensitive factual information (*i.e.*, the "hot news") that TVEyes is alleged to have misappropriated. The Complaint speaks only in generalities, alleging that "much" of Fox's "product" is "time-sensitive," without identifying which *particular* time-sensitive facts purportedly were purportedly taken by TVEyes. (*See* Compl. ¶¶ 12, 24, 38, 64-66.) Fox's skeletal allegations are insufficient to state a plausible

claim for "hot news" misappropriation.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 555, 557).  In addition, the Complaint does not allege—as it must—that any specific time-sensitive factual information was distributed by TVEyes to the public while it was still "hot," nor any facts supporting that required element.  *See Fin. Info.*, 808 F.2d at 209 (requiring allegation of "immediacy of distribution" to sustain a "hot news" claim).  This deficiency dooms Fox's "hot news" claim.

  **Second**, Fox has not sufficiently pled that TVEyes is "free-riding" on Fox's efforts as this element has been interpreted by this Circuit in *Fly* and *NBA*.  TVEyes captures the content of thousands of television and radio broadcasts (Compl. ¶ 31), and, using its own proprietary technology, indexes the content and delivers small, relevant excerpts to its customers in response to user-selected keywords (*id.* ¶ 34).  **All** of this indexing, organizing, and delivering occurs at solely at TVEyes' expense, and Fox does not allege otherwise.  *See NBA*, 105 F.3d 854 (holding the "free riding" requirement of "hot news" was not met where the parties each bore their own costs in collecting and disseminating the factual information in question).

  More importantly, in delivering its keyword results to customers, TVEyes merely reports the **fact** that a particular keyword was mentioned in a particular Fox broadcast.  This, by definition, is not the same underlying news reported by Fox; it is a new fact, and therefore cannot constitute free-riding.  *See Fly*, 650 F.3d at 902 ("[Fly] is collecting, collating and disseminating factual information—the **facts** that the Firms and others in the securities business have made recommendations with respect to the value of and the wisdom of purchasing or selling securities—and attributing that information to the source.  The Firms are making news; Fly,

despite the Firms' understandable desire to protect their business model, is breaking it.") (emphasis in original). Furthermore, apart from a passing conclusory assertion without any factual allegation, Fox does not allege that TVEyes is attempting to "pass off" broadcast content from Fox "as its own"—the very essence of free-riding. In fact, Fox does not (and cannot) allege that TVEyes fails to attribute all of the information it disseminates to its proper source. *See id.* at 903 ("Fly, having obtained news of a Recommendation, is hardly selling the Recommendation 'as its own.' It is selling the information with specific attribution to the issuing Firm.").

*Third*, TVEyes and Fox are not "direct competitors." The "hot news" tort requires that the parties be *bona fide* direct competitors, in the way that INS and AP were directly competitive wire services chasing after identical stories in *INS*. The Complaint, however, does not allege that Fox is now, or has plans to be, in the business of providing a service akin to TVEyes' service, nor does it allege that TVEyes is in the business of providing original programming for consumption on television. *See NBA*, 105 F.3d at 853-54 ("With regard to NBA's primary products—producing basketball games with live attendance and licensing copyrighted broadcasts of those games—there is no evidence that anyone regards SportsTrax or the AOL site as a substitute for attending NBA games or watching them on television."). While the Complaint alleges that TVEyes and Fox compete in connection with Fox's ancillary business of licensing clips of its broadcasts to third parties, the fact that Fox and TVEyes may compete in some manner does not make them *direct competitors* for the purpose of stating a claim for the narrow "hot news" tort.

*Finally*, the Complaint does not allege that TVEyes' service threatens the very existence of Fox—nor could it. The fate of Fox and its news programming is not tied to the existence of TVEyes. Allegations to the contrary would not pass the straight-face test, much less Rule 11.

The Complaint, which merely alleges that TVEyes services somehow "robs" Fox of revenues from "subscriber fees, advertising in telecasts, advertising embedded in content made available on the Internet, and clip licensing" (Compl. ¶ 47), without any factual allegation of how or to what extent this purported loss of revenue occurs, is facially deficient and fails to state a claim for "hot news" misappropriation.

That the Complaint contains certain buzzwords and phrases (*e.g.*, "free-riding," "directly competes," "diverts users from telecasts and licensed clip services"), does not save it from dismissal. Conclusory allegations of "free-riding" and "direct competition," without sufficient ***factual*** allegations in support, are not enough to state a claim in and of themselves. *See Iqbal*, 556 U.S. at 678; *see also Ochre LLC v. Rockwell Architecture, Planning & Design, P.C.*, No. 13-0005-cv, 2013 WL 3606123, at *2 (2d Cir. July 16, 2013) (summary order) (dismissing claims that "contain[] only the sort of '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' that are insufficient to survive a motion to dismiss under Rule 12(b)(6)") (quoting *Iqbal*, 556 U.S. at 678); *Eyal R.D.*, 784 F. Supp. 2d at 448 (dismissing claim that "merely provided, in the most cursory way, 'a formulaic recitation of the elements of a cause of action,' which is patently insufficient to support a claim") (quoting *Iqbal*, 556 U.S. at 678). The required ***factual*** allegations necessary to give substance to these catch phrases are not present in the Complaint—the Court should therefore dismiss Fox's "hot news" misappropriation claim.

## **CONCLUSION**

For the foregoing reasons, TVEyes respectfully requests that the Court dismiss Counts II and III of the Complaint in their entirety with prejudice, together with such other and further relief as this Court deems just and proper.


Dated:  September 16, 2013

QUINN EMANUEL
URQUHART & SULLIVAN, LLP


By_____/s/  Andrew H. Schapiro_____
  Andrew H. Schapiro
  andrewschapiro@quinnemanuel.com
  Jessica A. Rose
  jessicarose@quinnemanuel.com
  Todd Anten
  toddanten@quinnemanuel.com

  51 Madison Avenue, 22nd Floor
  New York, NY 10010
  (212) 849–7000

  *Attorneys for Defendant TVEyes, Inc.*