UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOX NEWS NETWORK, LLC,<br><br>        Plaintiff,<br><br>- against -<br><br>TVEYES, INC.,<br><br>        Defendant. | Case No.  13-CV-5315 (AKH) |

## ANSWER

Defendant TVEyes, Inc. ("TVEyes"), by and through its undersigned counsel, for their Answer to the Complaint filed against them by Plaintiff Fox News Network, LLC ("Plaintiff" or "Fox News"), states as follows:

### NATURE OF THE ACTION

1. TVEyes admits that it records content broadcast by hundreds of television and radio stations, and makes short excerpts of this content available to its subscribers for a fee. TVEyes denies the remaining allegations in Paragraph 1 of the Complaint.

2. The content of the purported "Webpage" speaks for itself. TVEyes denies the remaining allegations in Paragraph 2 of the Complaint.

3. TVEyes denies the allegations in Paragraph 3 of the Complaint.

4. TVEyes admits that it contacted Fox News to discuss the possibility of obtaining a license, and that Fox News declined and demanded that TVEyes cease offering Fox News content as part of its services. TVEyes denies the remaining allegations in Paragraph 4 of the Complaint.

5. TVEyes denies the allegations in Paragraph 5 of the Complaint.

6. TVEyes denies the allegations in Paragraph 6 of the Complaint.

**PARTIES**

7.     TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore denies them.

8.     TVEyes admits that it is a Delaware corporation with offices in Fairfield, Connecticut, and that it owns and operates the website located at http://www.tveyes.com. TVEyes denies the remaining allegations in Paragraph 8 of the Complaint.

**JURISDICTION AND VENUE**

9.     TVEyes admits that this Court has subject matter jurisdiction over Fox News's claims brought under the Copyright Act, 17 U.S.C. § 101 *et seq.* with respect to works for which Fox News holds validly issued copyright registrations, but denies that this Court has subject matter jurisdiction over Fox News's claims brought under the Copyright Act, 17 U.S.C. § 101 *et seq.* with respect to works for which Fox News does not hold validly issued copyright registrations. TVEyes otherwise denies the allegations of Paragraph 9 of the Complaint.

10.    TVEyes denies the allegations of Paragraph 10 of the Complaint.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

11.    TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies them.

12.    TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies them.

13.    TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies them.

14.    TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies them.

15. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore denies them.

16. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore denies them.

17. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and therefore denies them.

18. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore denies them.

19. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore denies them.

20. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore denies them.

21. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore denies them.

22. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore denies them.

23. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies them.

24. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore denies them.

25. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore denies them.

26. The contents of the attachments in Exhibit A speak for themselves. TVEyes otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore denies them.

27. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore denies them.

28. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore denies them.

29. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore denies them.

30. TVEyes admits it records content broadcast by hundreds of television and radio stations and makes short excerpts of this content available to its subscribers for a fee, and that TVEyes previously had (but no longer has) a business model that, *inter alia*, generated revenue from advertisements. The content of the TVEyes' website speaks for itself. TVEyes denies the remaining allegations in Paragraph 30 of the Complaint.

31. TVEyes admits that it records content in the United States from all 210 Designated Market Areas and more than 1,600 stations including all major network affiliates and network cable television stations, and that it stores this content on servers it owns or leases. TVEyes denies the remaining allegations in Paragraph 31 of the Complaint.

32. The allegations of Paragraph 32 of the Complaint set forth legal conclusion to which no response is warranted, but to the extent a response is required, TVEyes denies the allegations.

33. TVEyes admits it records content broadcast by hundreds of television and radio stations and makes short excerpts of this content available to its subscribers for a fee. The content of

the TVEyes' User Guide speaks for itself. TVEyes denies the remaining allegations in Paragraph 33 of the Complaint.

34. TVEyes admits that it makes short excerpts of the content it records available to its subscribers in response to keyword and other queries, and that these excerpts may contain closed captioning associated with that portion of the content where it is available. TVEyes denies the remaining allegations in Paragraph 34 of the Complaint.

35. TVEyes admits that it makes short excerpts of the content it records available to its subscribers in response to keyword and other queries, including by date. The content of the purported "screenshot" speaks for itself. TVEyes denies the remaining allegations in Paragraph 35 of the Complaint.

36. TVEyes admits that its users are able to download and edit an unlimited number of short excerpts of content recorded by TVEyes in response to keyword and other queries. TVEyes denies the remaining allegations in Paragraph 36 of the Complaint.

37. TVEyes admits it records content broadcast by hundreds of television and radio stations and makes short excerpts of this content available to its subscribers for a fee. The contents of the purported "screenshots" speak for themselves. TVEyes denies the remaining allegations in Paragraph 37 of the Complaint.

38. TVEyes denies the allegations in Paragraph 38 of the Complaint.

39. TVEyes denies the allegations in Paragraph 39 of the Complaint.

40. TVEyes denies the allegations in Paragraph 40 of the Complaint.

41. TVEyes admits that it contacted Fox News to inquire about the possibility of a potential business relationship between the two companies, that no such relationship resulted, and

that Fox News has demanded that TVEyes remove Fox News' content from its service. TVEyes denies the remaining allegations in Paragraph 41 of the Complaint.

42. TVEyes admits that Fox News later demanded that TVEyes remove Fox News' content from its service. TVEyes denies the remaining allegations in Paragraph 42 of the Complaint.

43. TVEyes admits that TVEyes received a copy of the letter attached as Exhibit B. The content of the letter attached as Exhibit B speaks for itself. TVEyes denies the remaining allegations in Paragraph 43 of the Complaint.

44. TVEyes denies the allegations in Paragraph 44 of the Complaint.

45. TVEyes admits that Fox News content is currently included in the media monitoring service it offers. TVEyes denies the remaining allegations in Paragraph 45 of the Complaint.

46. TVEyes admits that certain limited features of TVEyes' service are also accessible to TVEyes subscribers via an iPhone app. TVEyes denies the remaining allegations in Paragraph 46 of the Complaint.

47. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and therefore denies them.

48. TVEyes denies the allegations in Paragraph 48 of the Complaint.

49. TVEyes denies the allegations in Paragraph 49 of the Complaint.

50. TVEyes denies the allegations in Paragraph 50 of the Complaint.

51. TVEyes denies the allegations in Paragraph 51 of the Complaint.

52. TVEyes denies the allegations in Paragraph 52 of the Complaint.

6

## CLAIMS FOR RELIEF

### COUNT I
### Copyright Infringement (17 U.S.C. § 101 et seq.)

53. TVEyes incorporates by reference its answers to every allegation above as if fully restated herein.

54. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and therefore denies them.

55. The contents of the attachments in Exhibit A speak for themselves. TVEyes otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and therefore denies them.

56. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and therefore denies them.

57. TVEyes denies the allegations in Paragraph 57 of the Complaint.

58. TVEyes denies the allegations in Paragraph 58 of the Complaint.

59. TVEyes denies the allegations in Paragraph 59 of the Complaint.

60. TVEyes denies the allegations in Paragraph 60 of the Complaint.

61. TVEyes denies the allegations in Paragraph 61 of the Complaint.

62. TVEyes denies the allegations in Paragraph 62 of the Complaint.

### COUNT II
### State Law Misappropriation (Hot News)

63. TVEyes incorporates by reference its answers to every allegation above as if fully restated herein.

64. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and therefore denies them.

65. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and therefore denies them.

66. TVEyes denies the allegations in Paragraph 66 of the Complaint.

67. TVEyes denies the allegations in Paragraph 67 of the Complaint.

68. TVEyes denies the allegations in Paragraph 68 of the Complaint.

69. TVEyes denies the allegations in Paragraph 69 of the Complaint.

70. TVEyes denies the allegations in Paragraph 70 of the Complaint.

## COUNT III
### State Law Misappropriation (Direct Competition)

71. TVEyes incorporates by reference its answers to every allegation above as if fully restated herein.

72. TVEyes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint and therefore denies them.

73. TVEyes denies the allegations in Paragraph 73 of the Complaint.

74. TVEyes denies the allegations in Paragraph 74 of the Complaint.

75. TVEyes denies the allegations in Paragraph 75 of the Complaint.

76. TVEyes denies the allegations in Paragraph 76 of the Complaint.

77. TVEyes denies the allegations in Paragraph 77 of the Complaint.

## PRAYER FOR RELIEF

TVEyes denies that Fox is entitled to any of the relief demanded in the Prayer for Relief. TVEyes reserves the right to seek all fees and costs, including but not limited to reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505, pre- and post-judgment interest to the fullest extent available, and any other and further relief as the Court deems just, equitable and proper.

## DEMAND FOR JURY TRIAL

Defendant TVEyes, Inc. demands a jury trial of all issues triable by jury under applicable law.

## DEFENSES

### FIRST DEFENSE
### (FAILURE TO STATE A CAUSE OF ACTION)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (FREE SPEECH)

Plaintiff's claims and/or the remedies sought are barred, in whole or in part, by the First Amendment to the United States Constitution and by the Constitution of the State of New York and other states.

### THIRD DEFENSE
### (FAIR USE)

Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright fair use, 17 U.S.C. § 107, as well as any other applicable limitations on exclusive rights offered under the Copyright Act.

### FOURTH DEFENSE
### (SUBJECT MATTER JURISDICTION)

The Court lacks subject matter jurisdiction over claims to enforce copyrights for which Plaintiff has not obtained, or has not pleaded ownership of, validly issued copyright registrations.

### FIFTH DEFENSE
### (STANDING)

Plaintiff's claims are barred, in whole or in part, for lack of standing to the extent they are based on alleged infringement of works for which Plaintiff does not or did not own or control the exclusive right allegedly infringed at the time of infringement.

## SIXTH DEFENSE
### (INVALID AND/OR UNENFORCEABLE CERTIFICATES)

Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged infringements of works for which (i) valid and enforceable copyright registration certificates do not exist and/or (ii) the relevant certificates contain materially false and/or inaccurate information relating to the nature, ownership of chain of title to the work.

## SEVENTH DEFENSE
### (DEFECT IN CERTIFICATES)

Some or all of Plaintiff's claims are barred or subject to dismissal for failure to comply with renewal, notice and registration requirements, and with other necessary formalities.

## EIGHTH DEFENSE
### (ABANDONMENT)

Some or all of the copyrights on which Plaintiff relies have been forfeited or abandoned.

## NINTH DEFENSE
### (PUBLIC DOMAIN)

Some or all of Plaintiff's works or portions thereof are in the public domain.

## TENTH DEFENSE
### (MERGER DOCTRINE)

Some or all of Plaintiff's claims are barred by the merger doctrine.

## ELEVENTH DEFENSE
### (NOT ORIGINAL)

Some or all of Plaintiff's works or portions thereof are not original.

10

## TWELFTH DEFENSE
## (NOT SUBJECT TO COPYRIGHT PROTECTION)

Some or all of Plaintiff's works or portions thereof constitute ideas, facts, procedures, processes, systems, methods, concepts, principles or discoveries not subject to protection by the Copyright Act.

## THIRTEENTH DEFENSE
## (SCENES A FAIRE)

Some or all of Plaintiff's works or portions thereof constitute scenes a faire.

## FOURTEENTH DEFENSE
## (COPYRIGHT MISUSE)

Some or all of Plaintiff's claims are barred because Plaintiff has engaged in copyright misuse.

## FIFTEENTH DEFENSE
## (WAIVER, ESTOPPEL, LACHES, ACQUIESCENCE)

Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches or acquiescence.

## SIXTEENTH DEFENSE
## (UNCLEAN HANDS)

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTIETH DEFENSE
## (STATUTE OF LIMITATIONS)

Some or all of Plaintiff's claims are barred by the applicable statutes of limitation.

## EIGHTEENTH DEFENSE
## (PREEMPTION)

Some or all of Plaintiff's claims are preempted by the Copyright Act.

## NINETEENTH DEFENSE
## (DAMAGES: COPYRIGHT ACT)

Plaintiff's claims for statutory damages and attorney's fees are barred, in whole or in part, by the Copyright Act, 17 U.S.C. § 412.

## TWENTIETH DEFENSE
## (DAMAGES: EXTRA-TERRITORIALITY)

Some or all of Plaintiff's claims for damages are barred by the Copyright Act's territorial limitations and by the lack of subject matter jurisdiction over such extra-territorial claims in proceedings under the U.S. Copyright Act.

## TWENTY-FIRST DEFENSE
## (DAMAGES: LACK OF INJURY OR DAMAGE)

Plaintiff is barred from obtaining monetary or injunctive relief because Plaintiff has suffered no injury or damage as a result of any act or conduct by TVEyes and TVEyes' revenues or profits are not attributable to its allegedly infringing conduct.

## TWENTY-SECOND DEFENSE
## (DAMAGES: INNOCENT INTENT)

Plaintiff's damages, if any, are limited by TVEyes' innocent intent.

## TWENTY-THIRD DEFENSE
## (DAMAGES: NO WILLFULNESS)

Plaintiff's damages, if any, are limited to the extent that Plaintiff is not able to allege or prove facts sufficient to show that the alleged infringement was willful.

**RESERVATION OF ADDITIONAL DEFENSES**

TVEyes specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserves the right to amend its Answer and assert such defenses.

DATED:   October 15, 2013

                                      QUINN EMANUEL URQUHART
                                         & SULLIVAN, LLP

                                      By:   /s/ Andrew H. Schapiro

                                         Andrew H. Schapiro
                                         andrewschapiro@quinnemanuel.com
                                         Jessica A. Rose
                                       jesiscarose@quinnemanuel.com
                                       Todd Anten
                                       toddanten@quinnemanuel.com
                                       51 Madison Avenue, 22nd Floor,
                                       New York, New York 10010-1601
                                       Telephone: (212) 849-7000
                                       Facsimile: (212) 849-7100

                                       *Attorneys for Defendant TVEyes, Inc.*