**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(312) 705-7472**

WRITER'S INTERNET ADDRESS
**andrewschapiro@quinnemanuel.com**

April 1, 2014

**VIA ECF**

Hon. Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   **Fox News Networks, LLC v. TVEyes, Inc.**, No. 13 Civ. 5315 (AKH)

Dear Judge Hellerstein:

We represent defendant TVEyes, Inc. ("TVEyes") in the above-captioned action.  Pursuant to Your Honor's Individual Rule 2.E. we write jointly with counsel for plaintiff Fox News Network, LLC ("Fox News") regarding the schedule and scope of discovery in this case.  For the reasons set forth below, TVEyes respectfully seeks an order limiting the scope of discovery in this matter.  As detailed below, Fox News opposes TVEyes' request to limit its discovery of TVEyes, which already is within the limits prescribed by the Federal Rules of Civil Procedure.  Both parties seek a modification of the schedule but put forth different proposals.  This is the first request to modify the case schedule by either party.  The parties met and conferred telephonically on these issues on March 20, 2014 and March 28, 2014, and through that time via email, but have been unable to reach a resolution.  Andy Schapiro, Jessica Rose and Todd Anten participated in all or part of these discussions on behalf of Defendant TVEyes, and Joshua Simmons participated on behalf of Fox News.

**I.        TVEyes' Position**

TVEyes is a "media monitoring" service that allows subscribers, such as consumer product companies, politicians, and journalists, to receive alerts and links to relevant video content whenever keywords they have selected (such as "BMW" or "Schumer" or "Trayvon Martin") are mentioned on television.  There is very little dispute in this litigation about what TVEyes does.  Instead, the core of the dispute concerns whether what TVEyes does constitutes "fair use" of Fox News's content under copyright law.

TVEyes, relying on authority such as the Second Circuit's recent decisions in Authors Guild, Inc. v. Google Inc., 954 F. Supp. 2d 282 (S.D.N.Y. 2013) (Chin, J.) and Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P., 742 F.3d 17 (2d Cir. 2014), will argue that its service is a quintessential fair use. Fox News, likely invoking cases such as Associated Press v. Meltwater U.S. Holdings, Inc., 931 F. Supp. 2d 537 (S.D.N.Y. 2013), will contend that TVEyes' service does not constitute fair use.

This case thus hinges on a relatively straightforward legal question, and—as this Court recognized at the first status conference—should be susceptible to resolution without extensive factual discovery. Unfortunately, however, the discovery process is ballooning into an unduly burdensome exercise that is not only costly but is unnecessary given the nature of the lawsuit.

The discovery requests served to date have far exceeded what is reasonably necessary for the parties to establish their respective claims and defenses. Fox News has served 140 Requests for Production, 432 Requests for Admission, 25 Interrogatories, 7 third-party subpoenas, and 7 depositions notice (including a 30(b)(6) notice that, with subparts, listed **96 individual topics** for examination).[1] In response, TVEyes has produced more than 44,000 pages of documents and multiple spreadsheets of data reflecting relevant user activity on TVEyes. TVEyes has also served discovery requests on Fox News, including 120 Requests for Production, 149 Requests for Admission, 25 Interrogatories, 7 third-party subpoenas, and 7 deposition notices. Fox News to date has produced almost 7,000 pages of documents.

TVEyes has responded to Fox News's discovery requests in good faith, and has gone to great lengths to streamline discovery, for example, by drafting a detailed report about how TVEyes' technology works, among other things. However, Fox News's most recent discovery requests serve to unduly expand discovery. For example, Fox News has noticed three additional depositions and served unnecessarily burdensome written discovery requests (*i.e.*, contention interrogatories). Finally, Fox News apparently intends to serve an expert report on damages, which will at a minimum implicate additional depositions and might even require TVEyes to hire a rebuttal expert. TVEyes is a small, privately-held 12-person company with limited resources, and the burden and expense associated with discovery is substantial.

"Rule 26 gives district courts broad authority to limit discovery, taking account the needs of the case and other relevant factors." Universal City Studios, Inc. v. Reimerdes, 104 F. Supp. 2d 334, 342 (S.D.N.Y. 2000). Rule 26(b)(2)(A), for example, permits the Court to "alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30." *See also* Rule 36(b)(2)(C) (court "must limit the frequency or extent of discovery otherwise allowed by these rules" where, *inter alia*, "the party seeking discovery has had ample opportunity to obtain the information," or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case … [and] the parties' resources").

---

[1] Fox News incorrectly asserts that TVEyes issued 104 topics for 30(b)(6) testimony. Attached as Exhibits A and B are Fox News's and TVEyes' notices of 30(b)(6) deposition, respectively—TVEyes issued 31 topics. Fox News's issuance of more than 90 topics demonstrate just how oppressive discovery has become here.

Because of, among other things, TVEyes' size and resources; the fact that TVEyes has already produced tens of thousands of pages of documents; and that the burden of additional discovery is likely to outweigh any benefit, TVEyes respectfully asks the Court to limit discovery as follows:

1.      *Depositions*: TVEyes requests that each party be limited to four, 7-hour depositions. Among these four depositions would be a single 30(b)(6) deposition.  Fox News has already deposed TVEyes' Chief Executive Office (in both his individual and as a witness on eighty-one 30(b)(6) topics, Chief Technical Officer and Director of Client Relations, and TVEyes has agreed to make its Systems Architect available to address the fifteen other 30(b)(6) topics on technology-related issues. Any additional depositions of TVEyes fact witnesses are simply unnecessary in the case, particularly given the availability of 30(b)(6) deponents.  Any additional depositions would only serve to unduly burden TVEyes and to unnecessarily increase the cost of litigation to this small defendant.

2.      *Interrogatories*:  Fox News has served 25 interrogatories upon TVEyes, 6 of which are contention interrogatories seeking the bases for TVEyes' affirmative defenses.  However, such interrogatories are recognized as unduly burdensome.  See, e.g., Pasternak v. Dow Kim, 2011 WL 4552389, at *2 (S.D.N.Y. 2011) (citing Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006) ("contention interrogatory overly broad and unduly burdensome to the extent it sought 'all' facts that supported each defense")).  Further, "the essential purpose of contention interrogatories … is to narrow the issues for trial." Id. at *3 (citing Erchonia Corp. v. Bissoon, 2011 WL 3904600, at *8 (S.D.N.Y. Aug. 26, 2011)).  In Pasternak, for example, the Court found that interrogatories seeking all facts that support the defendant's defense in a case "will not narrow the issues for trial" and "will not streamline the litigation in any fashion." Id. at *3-4; see also Line v. Arab Bank, PLC, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012) (citing cases).  Here, Fox News has issued 432 Requests for Admissions—these should be more than sufficient to narrow the issues for trial.  TVEyes thus respectfully requests that this Court direct that the parties need not respond to contention interrogatories.  Such a direction would equally apply to TVEyes, which issued 4 contention interrogatories.

3.      *Expert Discovery*:  Pursuant to the Scheduling Order [Dkt. 15],TVEyes anticipates filing a motion for summary judgment after the close of fact discovery to demonstrate that it is not liable on any of Fox News's claims.  However, Fox News has indicated that it may engage an expert witness to provide testimony relating to issues of damages.  Such discovery would be entirely unnecessary if TVEyes succeeds on the merits of its motion. Further, such discovery would be extremely costly to TVEyes, possibly requiring the retention of a rebuttal expert and offensive and defensive depositions.  Thus, TVEyes respectfully requests that this Court defer all damages-related expert discovery until after it has ruled on TVEyes' forthcoming motion.  See, e.g., It's My Party, Inc. v. Live Nation, Inc., 2012 WL 3655470, at *1 (D. Md. Aug. 23, 2012) (court "deferred expert discovery until after fact discovery had been completed and [defendant] had an opportunity to file a motion for summary judgment … to keep down the cost of litigation.").  Such an approach is likewise appropriate here.

4.      *Fox News's Proposed Scheduling Modifications*: Fox News's section of this letter raises a host of irrelevant issues that have nothing to do with either party's requested relief, on matters as to which the parties have not yet met and conferred.  Rather, Fox News tries to argue the merits of its lawsuit.  As this Court could no doubt predict, TVEyes vigorously disputes Fox

3

News's characterizations of these merits issues, but they are not properly before the Court. TVEyes looks forward to addressing these topics at the appropriate time.

Notwithstanding Fox News's unnecessarily lengthy submission—which itself demonstrates how discovery has expanded beyond all rational boundaries—Fox News presents only a single discrete issue for the Court's consideration: a request to modify the current scheduling order. TVEyes and Fox News agree that the scheduling order requires modification—for example, that fact discovery should close on May 1, 2014. However, TVEyes disagrees with Fox News's proposed modifications on the following fronts:

- Fox News's proposed schedule separates the last day of "fact discovery" from the last day for "fact depositions." Because fact depositions are part of fact discovery, TVEyes proposes that all fact discovery—including depositions—close on May 1, 2014.

- As noted above, TVEyes respectfully asks the Court to order that the parties need not answer contention interrogatories. However, if the Court does require the parties to respond to such interrogatories, TVEyes respectfully requests that the deadline for doing so be deferred to May 1, 2014, so that information from fact depositions may be incorporated.

- TVEyes sees no reason to change the current briefing schedule, which will allow for TVEyes' forthcoming motion for summary judgment to be fully briefed by August 7, 2014. TVEyes therefore requests that the briefing schedule remain undisturbed.

- TVEyes respectfully requests, in connection with its request to defer expert discovery on damages-related issues until after the Court's resolution of TVEyes' forthcoming summary judgment motion, that such discovery be deferred as reflected in the chart below:

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Close of Fact Discovery (including fact depositions) | April 3, 2014 | May 1, 2014 |
| Last Day to Respond to Pending Interrogatories | N/A | May 1, 2014 |
| Last Day to Serve Opening Expert Reports (non-damages) | April 10, 2014 | May 15, 2014 |
| Last Day to Serve Rebuttal Expert Reports (non-damages) | May 8, 2014 | June 5, 2014 |
| Close of Expert Discovery (non-damages) | June 5, 2014 | June 19, 2014 |
| Last Day to File Dispositive Motions | June 26, 2014 | No change |
| Opposition Briefs Due | July 24, 2014 | No change |
| Reply Briefs Due | August 7, 2014 | No change |
| Last Day to Serve Opening Expert Reports (damages) | N/A | 30 days after ruling on dispositive motions |
| Last Day to Serve Rebuttal Expert Reports (damages) | N/A | 60 days after ruling on dispositive motions |
| Close of Expert Discovery (damages) | N/A | 90 days after ruling on dispositive motions |

Attached hereto as Exhibit C is a proposed order reflecting TVEyes' proposed modified schedule.

4

## II.     Fox News' Position

Fox News is writing to Your Honor because TVEyes is trying to alter the discovery plan that the parties had painstakingly negotiated (and Your Honor approved) at the outset of this case.  *See* Dkt. No. 15.  Moreover, TVEyes seeks to evade key discovery by mischaracterizing Fox News' discovery efforts to date as excessive.  However, Fox News has conducted discovery in a targeted manner and has stayed well within the discovery limits prescribed by the Federal Rules of Civil Procedure (none of which TVEyes asked to alter in the initial case management plan).  Indeed, TVEyes has served equivalent numbers of interrogatories, document requests, subpoenas, and deposition notices.  As discussed below, Fox News relied on the Court-ordered discovery plan and the limits prescribed by the Federal Rules to construct its case and will be severely prejudiced if TVEyes' requests are granted.

This case is about TVEyes' virtually instantaneous unauthorized copying of all of Fox News' televised content on Fox News Channel and Fox Business Network, 24 hours a day, 365 days a year, and the sale of such content to TVEyes' subscribers.  While TVEyes claims that it is simply a "media monitoring" service that provides keyword-related services, its marketing materials and internal documents clearly show that TVEyes is nothing more than a media distribution and clipping service, which is designed to permit its subscribers to stream, download, and share an unlimited number of high-definition clips in exchange for a hefty fee to TVEyes.  As Fox News' complaint details, this constitutes copyright infringement, "hot news" misappropriation, and misappropriation based on direct competition.

Such "media monitoring" services have never been found to constitute fair use.[2]  While TVEyes indicates below that it will rely on *Authors Guild, Inc. v. Google Inc.* to support its fair use defense, Fox News also intends to rely on this case as TVEyes' service is a far cry from the Google Books service.  In that case, Judge Chin found that Google Books' use of copyrighted works is a fair use because it is a free and public service that helps "readers, scholars, researchers, and others find books" and "not a tool to be used to read books." 954 F. Supp. 2d 282, 291 (S.D.N.Y. 2013).  Further, Google Books' web pages "offer[s] links to sellers of the book and/or libraries listing the book as part of their collections," which Judge Chin noted "will generate new audiences and new sources of income" for the author.  *Id.* at 288.  Judge Chin also detailed the extensive "security measures" that Google Books takes to "prevent users from viewing a complete copy of a . . . book," including an algorithm that "black-lists" (*i.e.*, restricts from viewing) more than ten percent of each book.  *Id.* at 287.  In stark contrast, TVEyes is a private and subscription-based service that enables subscribers to watch Fox News' cable television broadcasts in real-time in their entirety (without having a cable subscription and without any content being "blacklisted"), download and edit unlimited clips from such

---

[2]   *See Associated Press v. Meltwater U.S. Holdings, Inc.*, No. 12 Civ. 1087, 2013 WL 1153979, at *16 (S.D.N.Y. Mar. 21, 2013) (citing *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 199 (3d Cir.2003) (clip previews of movies); *Nihon Keizai Shimbun, Inc. v. Comline Business Data, Inc.*, 166 F.3d 65, 72 (2d Cir.1999) (abstracts of news articles); *Infinity Broadcast Corp. v. Kirkwood*, 150 F.3d 104, 108 (2d Cir.1998) (radio monitoring service); *Los Angeles News Service v. Tullo*, 973 F.2d 791, 797, 799 (9th Cir.1992) (video news clipping service.); *Pacific and Southern Co., Inc. v. Duncan*, 744 F.2d 1490, 1496 (11th Cir.1984) (TV news clipping service)).

broadcasts, and use those clips for any purpose.  TVEyes does not direct its subscribers to Fox News or its exclusive licensees to obtain licenses for such purposes.

Documents produced in discovery show that TVEyes' salespeople marketed TVEyes' service as a way to watch unlimited television content in "real time," download and edit unlimited clips in high-definition, and use those clips as they wish.  Evidence about how TVEyes markets its service to potential subscribers is highly material to, among other things, the issue of fair use.  *See, e.g.*, *Salinger v. Colting*, 607 F.3d 68, 72–74 (2d Cir. 2010) (noting with approval district court's reliance on defendant's own promotional materials in determining the purpose of defendant's use of plaintiff's content and in holding that it was not fair use); *AP v. Meltwater*, 931 F. Supp. 2d 537, 552 (S.D.N.Y. 2013) (finding no fair use and citing defendant's own marketing materials as evidence that defendant's use was substitute for plaintiff's content).  TVEyes marketing of its services as offering content in "real time" is also relevant to Fox News' claim of hot news misappropriation, which requires that Fox News establish that the appropriated content is valuable for its timeliness. Yet the three TVEyes witnesses that Fox News has deposed to date have disavowed any knowledge of TVEyes' sales activities or marketing documents.  As such, Fox News noticed the depositions of two TVEyes salespeople who marketed the service to potential subscribers.  Tellingly, these are the very depositions that TVEyes is self-servingly attempting to obstruct now.

Further, while TVEyes focuses on the fair use defense in its portion of this letter to the Court, TVEyes fails to mention that it has asserted a laundry list of ***twenty-three defenses*** in its answer.[3]  *See* Dkt. No. 12.  In order to narrow the case, Fox News has repeatedly asked TVEyes to confirm whether it intends to rely on each of its twenty-three defenses or whether they will withdraw any of them, yet TVEyes has refused to respond.  As such, Fox News has no choice but to pursue discovery on these defenses and TVEyes' factual bases for them, but TVEyes is trying to block Fox News' efforts.   For example, Fox News included topics in its Rule 30(b)(6) deposition notice regarding the factual bases of TVEyes' numerous defenses, notified TVEyes of its intent to question the witness about these topics, and cited case law that such inquiries were proper.  *See, e.g.*, *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 33–34 (D. Conn. 2003) (ordering defendant's 30(b)(6) deponent to testify as to factual basis of denials in defendant's answer); *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203 (E.D. Pa. 2008) (explaining that the factual basis for legal theories is not privileged and, therefore, is discoverable in a 30(b)(6) deposition).  However, at the deposition, TVEyes' counsel objected to this line of questioning, and the witness admitted that he was not prepared to testify on the defenses.  Now, after stonewalling Fox News at the deposition, TVEyes continues to evade discovery on its defenses by refusing to answer Fox News' four contention interrogatories, each of which is focused on the factual bases for TVEyes' defenses.  TVEyes must have had a basis for asserting each of the affirmative defenses in its answer, *see* Fed. R. Civ. P. 11(b)(2), but Fox News is in the dark about what they are.  As such, Fox News is entitled to discover those factual

---

[3]   TVEyes defenses are failure to state a claim, free speech, fair use, subject matter jurisdiction, standing, invalid or unenforceable registration certificates, defect in certificates, abandonment, public domain, merger doctrine, not original, not subject to copyright protection, scenes a faire, copyright misuse, waiver, estoppel, laches, acquiescence, unclean hands, statute of limitations, preemption, damages barred by Copyright Act, damages barred by Copyright Act's territorial limitations, lack of injury or damage, innocent intent,  and no willfulness.

bases in order to be able to counter them on summary judgment. Of course, if TVEyes agrees to dismiss some or all of its defenses, all four of Fox News' contention interrogatories may not be necessary.

The only adjustment to the schedule that is necessary at this point is a modest adjustment of current dates in order to finish fact depositions, as reflected on the chart below. These adjustments are only necessary because TVEyes' counsel last month asked Fox News to agree to extend the agreed-upon schedule because they claimed that the schedules of TVEyes' counsel and witnesses prevented the parties from completing depositions by the deadline originally set forth. While Fox News was fully prepared to abide by the scheduling order at that time, it agreed to TVEyes' request in the spirit of cooperation.

**In order to accommodate both parties' remaining depositions, Fox News respectfully requests that the Court modify the case schedule as follows and that it enter the proposed Revised Scheduling Order enclosed as Exhibit D.** This proposed schedule will allow the parties to complete depositions of fact witnesses in timely manner, will keep the intervals between the other deadlines relatively consistent, and only will change the last date in the current schedule (*i.e.*, the completion of dispositive briefing) by three weeks.

Fox News responds to TVEyes proposal as follows:

- Fox News opposes the request to extend all fact discovery until May 1, 2014. All that is needed is additional time to complete fact depositions (which we had agreed to as an accommodation to TVEyes). TVEyes should not be allowed to serve additional written discovery requests at this time. When Fox News agreed to TVEyes' request for more time to schedule depositions, the parties discussed that this extension was just to accommodate depositions and would not reset the deadline for serving written discovery. TVEyes now seeks to renege on this agreement after it has gotten the benefit of Fox News' accommodation.

- Fox News opposes TVEyes' request that the parties serve responses to contention interrogatories on May 1, 2014 (which TVEyes proposes should be the close of discovery). Fox News needs TVEyes' factual bases for its twenty-three affirmative defenses in order to prepare for the remaining depositions and continue its factual investigation. Presumably, TVEyes had some factual bases for its defenses or it would not have asserted them. *See* Fed. R. Civ. P. 11(b)(2). Fox News is entitled to know these bases to conduct proper discovery as to TVEyes' defenses. It would be severely prejudicial to Fox News to get this information on the last day of fact discovery.

- Fox News opposes TVEyes' proposal that dispositive motions should be due a week after the close of expert discovery. The current schedule, which the parties painstakingly negotiated, envisioned three weeks between the close of expert discovery and filing of dispositive motions in order to give the parties sufficient time to prepare these substantive papers. There is no justification for TVEyes' request to shorten that schedule now, especially as TVEyes' scheduling issues are the cause of the request to push back the deposition deadline. Fox News' proposed schedule only

extends the date for dispositive motions by three weeks and pushes back all subsequent deadlines an equivalent three weeks.

- Fox News has no objection to TVEyes' request that expert disclosures on pure damages calculations be delayed until after the resolution of dispositive motions. However, to be clear, any experts that are opining on issues relevant to liability will be disclosed before dispositive motions.

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Close of Fact Discovery | April 3, 2014 | No Change |
| Completion of Fact Depositions | N/A | May 1, 2014 |
| Last Day to Serve Opening Expert Reports (except on damages) | April 10, 2014 | May 15, 2014 |
| Last Day to Serve Rebuttal Expert Reports (except on damages) | May 8, 2014 | June 5, 2014 |
| Close of Expert Discovery (except on damages) | June 5, 2014 | June 19, 2014 |
| Last Day to File Dispositive Motions | June 26, 2014 | July 17, 2014 |
| Opposition Briefs Due | July 24, 2014 | August 14, 2014 |
| Reply Briefs Due | August 7, 2014 | August 28, 2014 |
| Last Day to Serve Opening Expert Reports (on damages) | N/A | 30 days after ruling on dispositive motions |
| Last Day to Serve Rebuttal Expert Reports (on damages) | N/A | 60 days after ruling on dispositive motions |
| Close of Expert Discovery (on damages) | N/A | 90 days after ruling on dispositive motions |

**In addition, Fox News respectfully requests that TVEyes' proposals be denied for the reasons outlined below.** In short, the relief sought by TVEyes is designed to modify the structure of the case management plan and foreclose Fox News' discovery of material facts while strategically preserving its own opportunity to pursue its defenses.

a. **Depositions**: TVEyes' request that "each party be limited to four, 7-hour depositions" is a strategically timed maneuver to prevent Fox News from deposing key witnesses, namely TVEyes salespeople. To date, Fox News has deposed only three TVEyes witnesses, each of whom was listed on TVEyes' initial disclosures.[4] Yet none of these

---

[4] These three witnesses included TVEyes' CEO and 30(b)(6) designee on most topics, David Ives. The parties are currently meeting and conferring to resolve a dispute over whether Fox News is entitled to additional time to depose Mr. Ives, who Fox News wishes to depose in both his personal and 30(b)(6) capacity and who was not

8

witnesses—including TVEyes' CEO and 30(b)(6) designee on marketing topics, David Ives—had knowledge of TVEyes' marketing practices. Mr. Ives instead testified that TVEyes' salespeople each create their own marketing materials and marketing methods. It is thus critical to Fox News' ability to counter TVEyes' fair use defense to be permitted to depose members of TVEyes' sales staff. In short, absent further surprises from TVEyes, Fox News currently seeks only three more deposition days: the depositions of two TVEyes salespeople and the continuation of the 30(b)(6) deposition on the remaining technical topics.

TVEyes' proposal would prevent Fox News from taking the depositions of the key witnesses on TVEyes' marketing and sales practices. Moreover, TVEyes' plan would permit TVEyes to depose more witness than Fox News is allowed. In other words, TVEyes has indicated that it will withdraw its deposition notices of certain individuals so that it may take the depositions of Fox News' three 30(b)(6) designees, third-party ITN Source, and two additional (as yet unidentified) witnesses.[5] Thus, <u>under TVEyes' proposal TVEyes would take the depositions of six of Fox News' witnesses, and Fox News only would take the depositions of four of TVEyes' witnesses</u>. As TVEyes' proposal is disproportionate and prejudicial—and deviates from Federal Rule 30—Fox News respectfully requests that TVEyes' proposed relief be denied.

      b.   **Interrogatories**: Each party has served 25 interrogatories, as permitted by Rule 33, and the responses to the final sets of interrogatories are due this week. Now, TVEyes requests that the Court "direct that the parties need not respond to contention interrogatories." As described above, however, TVEyes' request is merely a further attempt to prevent Fox News from learning the factual bases of TVEyes' affirmative defenses. Fox News has only issued four contention interrogatories, all of which seek the factual bases for TVEyes' defenses.[6] Fox News has no other way to obtain this information. As noted above, it attempted to gather this information during the Rule 30(b)(6) deposition of TVEyes (the notice for which included topics on the factual bases for its defenses), but TVEyes' witness was unwilling and unprepared to provide this information. Given that TVEyes repeatedly has refused to withdraw any of its defenses or to identify the factual support for its defenses, these contention interrogatories are critical to Fox News' discovery. Accordingly, Fox News respectfully requests

---

properly prepared on subjects for which he was identified as the 30(b)(6) witness. *See Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*, No. 10 Civ. 1391, 2013 WL 1286078, at *2, *5 (S.D.N.Y. Mar. 28, 2013) (ordering defendants to reproduce a Rule 30(b)(6) witness to testify on deposition notice subjects because witness had previously testified as to lack of knowledge and "the corporation is obligated to prepare them so that they may give knowledgeable answers"); *Sabre v. First Dominion Capital, LLC*, No. 01 Civ. 2145, 2001 WL 1590544, at *2 (S.D.N.Y. Dec. 12, 2001) (holding that "the 30(b)(6) deposition of an witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit").

[5] While TVEyes takes issue below with the number of subparts in Fox News' 30(b)(6) deposition notice of TVEyes, TVEyes' focus on subtopics elides over the fact that TVEyes' 30(b)(6) deposition notice of Fox News actually included *eight* more topics than Fox News' notice—31 topics versus 23.

[6] Despite their assertions otherwise, TVEyes has served *eight* contention interrogatories: three interrogatories seeking the factual and legal bases for each of Fox News' claims; one interrogatory seeking the factual and legal bases for Fox News' contention that TVEyes' use of Fox News' content is not protected by the fair use doctrine; and four interrogatories seeking "all facts supporting" certain "contentions" in Fox News' complaint.

9

that this Court deny TVEyes' request and instead order the parties to respond to all served interrogatories in conformance with the Federal Rules of Civil Procedure.

        c.    **Expert Discovery**: Fox News does not oppose a modification of the scheduling order that would postpone expert disclosures on pure damages calculations until after the Court has ruled on dispositive motions. To be clear, both of the enclosed modified scheduling orders submitted by Fox News and TVEyes allow for expert disclosures on non-damages calculations prior to filing dispositive motions.

        d.    **Conclusion to Fox News' Position**: As such, Fox News respectfully requests that Your Honor keep the current case structure in place with only the slight modification to the dates discussed above (and reflected in the proposed Revised Scheduling Order enclosed as Exhibit D) in order to finish fact depositions as TVEyes had originally requested from Fox News. In addition, Fox News respectfully requests that Your Honor deny TVEyes' request to limit depositions and interrogatories.

*   *   *

Very truly yours,

/s/ Andrew Schapiro

Andrew Schapiro

cc:    Fox News' counsel of record (via ECF)