UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOX NEWS NETWORK, LLC,<br><br>                        Plaintiff,<br><br>  - against -<br><br>TVEYES, INC.,<br><br>                        Defendant. | Case No. 13 Civ. 5315 (AKH)<br><br>**DEFENDANT TVEYES, INC.'S NOTICE OF DEPOSITION OF PLAINTIFF FOX NEWS NETWORKS, LLC PURSUANT TO RULE (30)(b)(6)** |

      Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant TVEyes, Inc. ("TVEyes" or "Defendant") will take the deposition upon oral examination of Plaintiff Fox News Networks, LLC ("Fox News" or "Plaintiff") on **Friday, April 25, 2014 at 9:30 AM**, at the offices of Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Avenue, New York, New York 10010, or at such other time and place as may be agreed upon by the parties.  The deposition will be taken before a notary public or other authorized officer and will continue from day to day until concluded, or may be continued until completed at a future date or dates.  The deposition shall be recorded stenographically, by videotape, and/or through the instant visual display of testimony.

      Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Fox News shall designate one or more persons most knowledgeable or qualified to testify on its behalf regarding the topics set forth in Attachment A.  Fox News shall inform counsel for TVEyes of such designation(s) at a reasonable time prior to the deposition(s) by identifying the person(s) designated to testify with respect to each topic.

DATED: New York, New York
March 5, 2014

                                                  QUINN EMANUEL URQUHART
                                                                          & SULLIVAN, LLP

By:   /s/ Andrew H. Schapiro

Andrew H. Schapiro
andrewschapiro@quinnemanuel.com
Jessica A. Rose
jesiscarose@quinnemanuel.com
Todd Anten
toddanten@quinnemanuel.com
51 Madison Avenue, 22nd Floor,
New York, New York 10010-1601
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
*Attorneys for Defendant TVEyes, Inc.*

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference.

2. "You" or "Your" shall mean Plaintiffs and all other persons acting or purporting to act on their behalf.

3. "All" and "each" shall be construed as all and each, respectively.

4. "Any" shall include "all" and "all" shall include "any."

5. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6. "Correspondence" shall include all written communications whether made in electronic format, or paper or otherwise.

7. "Concerning," "concern," "regarding," or "relating to" shall mean in whole or in part concerning, relating to, referring to, describing, evidencing, containing, constituting, reflecting, discussing, or in any way legally, logically, or factually connected with the matter discussed.

8. "Date" shall mean the exact day, month and year, if ascertainable; if not ascertainable, the term means the closest approximation that can be made by means of relationship to other events, locations or matters.

9. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

10. "Identify" shall mean, when referring to a person, to give, to the extent known, the person's full name, present or last known address, and place of employment. With respect to documents, "Identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In addition, include information regarding the existence, custodian and location of said documents.

11. "Including" shall mean including, but not limited to, the requested item(s).

12. "Fox News" shall mean Fox News Networks, LLC, including all of its predecessors and successors in interest, affiliates, assignees, parents, subsidiaries, agents, representatives, departments, divisions or subsidiaries of any of the foregoing, whether in the past or present, and all present and former directors, officers, representatives, employees, attorneys, agents and any other persons or entities acting on its behalf or under their control.

13. "Complaint" shall mean the Complaint filed by Fox News in this Litigation on July 30, 2013, and any amendments thereto.

14. "Works-in-Suit" shall mean the audiovisual works named in the Complaint and identified by copyright registration numbers PA 1-818-109, PA 1-818-110, PA 1-818-111, PA 1-818-112, PA 1-818-113, PA 1-818-114, PA 1-818-118, PA 1-818-120, PA 1-818-122, PAu 3-679-883, PAu 3-679-885, PAu 3-679-887, PAu 3-679-888, PAu 3-679-890, PAu 3-679-891, PAu 3-679-895, P Au 3-679-898, PAu 3-679-900, and PAu 3-679-902.

15. "Fox News Content" shall mean any and all audio, visual, and audiovisual content owned and telecast by Fox News, including without limitation all content telecast on the Fox News Channel and the Fox Business Network (including without limitation the Works-in-Suit).

16. "ITN Source" shall mean ITN Source, Ltd., including all of its predecessors and successors in interest, affiliates, assignees, parents, subsidiaries, agents, representatives, departments, divisions or subsidiaries of any of the foregoing, whether in the past or present, and all present and former directors, officers, representatives, employees, attorneys, agents and any other persons or entities acting on its behalf or under their control.

17. "Litigation" shall mean the lawsuit Fox News filed against TVEyes in the United States District Court for the Southern District of New York with case number 13-cv-5315.

18. "Person" or "Individual" shall mean any natural person or any business, legal or governmental entity or association, partnership, limited liability company, company, or joint venture.  Any reference to a "Person" or "Individual" shall mean that natural person or entity, any predecessors and successors in interest, affiliates, assignees, parents, subsidiaries, agents, representatives, departments, divisions or subsidiaries of any of the foregoing, whether in the past or present, and all present and former directors, officers, representatives, employees, attorneys, agents and any other persons or entities acting on its behalf or under its control.

19. "TVEyes" shall mean Defendant TVEyes, Inc.

20. TVEyes reserves the right to amend and/or supplement these matters.

**MATTERS ON WHICH EXAMINATION IS REQUESTED**

1. The organization and structure of Fox News's business, including but not limited to the department, division, branch or arm of the business involved in licensing and copyright enforcement efforts.

2. Fox News's business activities and sources of revenue, including but not limited to, the amount and proportion of revenues generated from (a) licensing of Fox News Content and the Works-in-Suit and (b) the display of Fox News Content and the Works-in-Suit on websites owned or controlled by Fox News, or authorized by Fox News.

3. Fox News's competitors.

4. Fox News's methods, practices, policies, procedures, intentions, plans, or actions regarding Fox News's investigation, identification, enforcement, or prosecution of claims of copyright infringement or any other violation of Fox News's intellectual property rights against media monitoring services.

5. Fox News's use of TVEyes and its services, including but not limited to, use by employees in Fox News's media relations department and by employees in connection with the production of Fox News programming or content.

6. Fox News's use of media monitoring services other than TVEyes, including but not limited to, use by employees in Fox News's media relations department and by employees in connection with the production of Fox News programming or content.

7. Fox News's plans to offer or develop a media monitoring service.

8. The licensing of Fox News Content through ITN Source, including but not limited to the revenue generated from this activity.

9. The licensing or authorization of Fox News Content through any source other than ITN Source, including but not limited to the revenue generated from this activity.

6

10. The amount and proportion of Fox News Content, including but not limited to the Works-in-Suit, made available through sources authorized by Fox News.

11. The process and criteria for determining what Fox News Content is made available through sources authorized by Fox News.

12. The actual or potential market for the Works-in-Suit.

13. The actual or potential value of the Works-in-Suit.

14. The effect of TVEyes's use of the Works-in-Suit on the potential market for or the value of the Works-in-Suit.

15. The bases for Fox News's position that TVEyes's use of the Works-in-Suit is not protected by fair use, 17 U.S.C. § 107, if that is Fox News's position.

16. The allegation in Paragraph 40 of the Complaint that TVEyes's users "substitute their viewership of the Fox News Networks by watching TVEyes's contemporaneous reproductions of Fox News's telecasts."

17. The allegation in Paragraph 40 of the Complaint that TVEyes's service "serves as a substitute for users watching Fox News programming on Fox News's own websites and the websites of its licensees."

18. The allegation in Paragraph 40 of the Complaint that "when users wish to search, download and use video clips from past telecasts on specific content," TVEyes's service "substitutes for ITN Source."

19. The "traditional price," as that phrase is used in Paragraph 48 of the Complaint, that Fox News contends that TVEyes should provide to Fox News for use of the Works-in-Suit.

20. Consumer confusion as to the source of TVEyes's services.

21. Damage or injury to Fox News as a result of TVEyes's services, including but not limited to irreparable harm.

22. Communications with TVEyes, including, but not limited to communications regarding licensing.

23. Fox News's decision to refuse to license Fox News Content, including but not limited to the Works-in-Suit, to TVEyes.

24. Each specific portion or segment of Fox News Content, including but not limited to the Works-in-Suit, that Fox News claims to constitute breaking news or "hot" news that TVEyes allegedly misappropriated.

25. The cost or expense to Fox News in gathering the information conveyed in each specific portion or segment of Fox News Content, including but not limited to the Works-in-Suit, that Fox News claims to constitute breaking news or "hot" news that TVEyes allegedly misappropriated.

26. The time-sensitive nature of the information conveyed in each specific portion or segment of Fox News Content, including but not limited to the Works-in-Suit, that Fox News claims to constitute breaking news or "hot" news that TVEyes allegedly misappropriated.

27. Fox News's contention that TVEyes's service competes with Fox News's own products or services or those of its licensees.

28. The bases for Fox News's position that TVEyes's use of Fox News Content, including but not limited to the Works-in-Suit, is willful or otherwise not undertaken in good faith, if that is Fox News's position

29.     The factual bases for all claims, allegations, and statements made by Fox News in the Complaint.

30.     Fox News's document retention policies, including the retention of emails or other electronic documents.

31.     Fox News's procedure for searching, collecting and producing documents in connection with the Litigation, including emails or other electronic documents.

## CERTIFICATE OF SERVICE

I, Todd Anten, hereby certify that on March 5, 2014, the foregoing DEFENDANT TVEYES, INC.'S NOTICE OF DEPOSITION OF PLAINTIFF FOX NEWS NETWORKS, LLC PURSUANT TO RULE (30)(b)(6) was served by e-mail, as agreed by the parties, upon the following counsel of record for Plaintiff Fox News Network, LLC:

Dale Cendali
dale.cendali@kirkland.com

Joshua Simmons
joshua.simmons@kirkland.com

Brian Leary
brian.leary@kirkland.com

#NY Fox News TVEyes
FoxNewsTVEyes@kirkland.com


Dated: March 5, 2014


  /s/  Todd Anten
Todd Anten