**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

*The proposed limitation is rejected. But the parties are reminded that shorter submissions are frequently better. So ordered. 6-16-14*

USDC S...

WRITER'S DIRECT DIAL NO.
(212) 849-7164

WRITER'S INTERNET ADDRESS
andrewschapiro@quinnemanuel.com

RECEIVED
JUN 11 2014
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

June 11, 2014

**VIA ECF**

..ED: 6/17/14

Hon. Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   **Fox News Networks, LLC v. TVEyes, Inc.**, No. 13 Civ. 5315 (AKH)

Dear Judge Hellerstein:

We represent defendant TVEyes, Inc. ("TVEyes") in the above-captioned action. Pursuant to Your Honor's Individual Rule 2.E. we write jointly with plaintiff Fox News Network, LLC ("Fox" or "Fox News") regarding the upcoming briefing of summary judgment in this action. The parties met and conferred telephonically on May 29, 2014 and June 9, 2014 but have been unable to reach a resolution. Jessica Rose participated in these discussions on behalf of TVEyes, and Joshua Simmons participated on behalf of Fox News.

I.      **TVEyes' Position**

Cross-briefing on the parties' summary judgment motions commences on June 26, 2014. In advance of these submissions, TVEyes respectfully requests that the Court limit the length of the parties' respective Statements of Material Facts on their Motions for Summary Judgment, submitted pursuant to Local Rule 56.1, to *20 pages per side*. To be clear, TVEyes does not seek to limit the length of the parties' memoranda of law, nor the factual submissions in support thereof. A limitation on the length of the Statement of Material Facts is sensible in this case, where the material facts are few and largely undisputed. Importantly, the proposed limitation will prevent the parties from generating costly "scorched earth" submissions that do not serve the purpose of Local Rule 56.1 and that will require likewise lengthy responses by the opposing party, all at great expense.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/17/14

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS |
MUNICH | SYDNEY | HONG KONG

DATE FILED:

Case 1:13-cv-05315-AKH   Document 28   Filed 06/11/14   Page 2 of 4

The 20-page limitation sought by TVEyes is in keeping with the Southern District of New York's rules of the Pilot Project re Case Management of Complex Civil Cases.[1]  In addition, several Judges in this district have incorporated similar limitations into their Individual Practices.[2]  The proposed limit serves the purpose of Local Rule 56.1, which is "designed to assist the Court by narrowing the scope of the issues to be adjudicated and identifying the facts relevant and admissible to that determination."[3]

In the interests of judicial economy and streamlining the consideration of the parties' summary judgment motions, TVEyes respectfully requests that the Court impose a 20-page limit on each party's Statement of Material Facts on Motion for Summary Judgment, submitted pursuant to Local Rule 56.

## II.     Fox News' Position

**Fox News opposes TVEyes' request as a limitation on the parties' 56.1 statements is contrary to this Court's prior ruling and Individual Practices, as well as unnecessary.** TVEyes already made this request during the parties' April 7, 2014 conference with the Court, arguing that 56.1 statements "are not really of much use to anyone." Discovery Hr'g Tr. 33:21–25, Apr. 7, 2014. At that time, Your Honor denied TVEyes' request, finding that "[t]hey are of use" and that they can reveal any facts disputed by the parties. *Id.* at 34:1–2, 6–9. That decision is consistent with this Court's Individual Rules, which do not impose page limits on motion papers. Individual R. of the Hon. Alvin K. Hellerstein § 2.C; *see also* Discovery Hr'g Tr. 34:12–13 ("How do I limit facts?  I don't limit papers."). Fox News sees no reason to disturb that ruling in light of TVEyes' renewed request.

Moreover, a limitation is unwarranted. In its statement above, TVEyes indicates a belief that, "in this case . . . the material facts are few and largely undisputed." If that is the case, the limitation that TVEyes proposes will serve no purpose. If that is not the case, the parties' 56.1 statements will

---

[1]     "If the Court requires that the parties file Rule 56.1 statements, such statements shall not exceed 20 pages per party." Pilot Project re Case Management of Complex Civil Cases, Motion Procedures § D, *available at* http://www.nysd.uscourts.gov/rules/Complex_Civil_Rules_Pilot.pdf.

[2]     *See, e.g.*, Individual Rules of Practice of Judges Alison J. Nathan, Nelson S. Roman, Shira A. Scheindlin, Lorna G. Schofield, and Cathy Seibel (placing page limitations on parties' Statements of Material Facts on Motion for Summary Judgment, submitted pursuant to Local Rule 56.1).

[3]     *Pape v. Bd. of Educ. of Wappingers Cent. Sch. Dist.*, No. 07 Civ. 8828 (ER), 2013 WL 3929630, at *1 n.2 (S.D.N.Y. July 30, 2013). As Judge Paul A. Crotty has noted, "Local Rule 56.1 statements can be useful, if they are short and concise. Their utility to the court diminishes with volume. It is not a case of the more the merrier, it is the opposite: The more there is, the less help." Paul A. Crotty, *The 2011 Bernstein Lecture at St. John's University School of Law*, 87 ST. JOHN'S L. REV. 118 (2013), *available at* http://scholarship.law.stjohns.edu/cgi/viewcontent.cgi?article=5539&context=lawreview.

Case 1:13-cv-05315-AKH   Document 28   Filed 06/11/14   Page 3 of 4

take on increased relevance to this Court and, thus, a page limitation would be contrary to the Court's interest in reaching a resolution to this matter.

In support of its request, TVEyes cites to certain documents, none of which change the fact that a limitation on the parties' 56.1 statements is unnecessary. First, TVEyes references a Report of the Judicial Improvements Committee on a pilot project regarding case management techniques for complex civil cases. This case, however, was not selected to participate in the pilot project and, thus, the committee's report is not binding on this Court. Moreover, the summary judgment briefs in this case will cover a wide range of issues that may not be sufficiently captured in such a limited number of pages.

Second, TVEyes references the individual practices of five other judges in the Southern District of New York. It goes without saying that this Court is not bound by the individual practices of any other judge. Moreover, by citing to only five judges' individual rules, TVEyes tacitly admits that the vast majority of judges in the Southern District of New York do not place limits on 56.1 statements. Furthermore, every one of the judges to which TVEyes refers limits 56.1 statements to 25 pages, not 20 pages as requested by TVEyes, and permits parties to file longer 56.1 statements with leave of the Court.[4]

Third, TVEyes quotes from the footnote of an opinion and from a lecture, neither of which support its position. As to the footnote to which TVEyes cites, it chastises a party that had failed to comply with Local Rule 56.1 by denying factual assertions that had been admitted, failing to support its denials with citations, and interjecting arguments and immaterial facts into its responses. *Pape*, 2013 WL 3929630, at *1 n.2. None of those issues have arisen in this case. As to the lecture, Judge Crotty actually favors the filing of 56.1 statements as evidenced by the point in his lecture where he says, "From a personal standpoint, I prefer 56.1 statements. I find them very helpful—if done well. A good 56.1 statement forces the parties to set forth and address material facts about which there is no dispute. Even if there is a dispute, there are probably fewer after a 56.1 exercise than before." Crotty, *supra* n.3, at 118.

Accordingly, Fox News respectfully requests that this Court deny TVEyes' request.

\* \* \*

---

[4]   *See* Judge Alison J. Nathan Individual Practices in Civil Cases § 3.G.ii.; Judge Nelson S. Román Individual Practices in Civil Cases § 3.G.ii.; Judge Shira A. Scheindlin Individual Rules and Prcoedures § IV.I.; Judge G. Schofield Individual Rules and Procedures for Civil Cases § III.C.5.; Individual Practices of Judge Cathy Seibel § 2.C.ii.

Respectfully submitted,

Andrew Schapiro

    cc:    Fox News' counsel of record (via ECF)