UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

FOX NEWS NETWORK LLC,

                Plaintiffs,

     -against-

TVEYES, INC.,

                Defendant.

------------------------------------------------------------x

13 Civ. 5315 (AKH)

ECF CASE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/6/15

**PERMANENT INJUNCTION AND FINAL ORDER**

ALVIN HELLERSTEIN, U.S.D.J.:

     WHEREAS, Fox News Network, LLC ("Fox News) filed suit against TVEyes, Inc. ("TVEyes), alleging *inter alia*, that "TVEyes has engaged, and continues to engage, in a pattern and practice of knowingly, intentionally and willfully infringing Fox News's copyrights in its programming and content." (Compl. ¶ 5);

     WHEREAS, TVEyes denied the allegations of the complaint, and moved for summary judgment on the affirmative defense of fair use;

     WHEREAS, on September 9, 2014, this Court issued a summary judgment opinion finding that the TVEyes core media monitoring service, including its service of providing to its subscribers a database of "television clips and snippets of transcript are transformative and thus constitute fair use, protecting it from claims of copyright infringement." *Fox News Network, LLC v. TVEyes, Inc.*, 43 F. Supp. 3d 379, 400 (S.D.N.Y. 2014). However, the Court reserved judgment as to whether four features of the service so qualified. *Id.*;

WHEREAS, after further hearing, on August 25, 2015, this Court issued an order holding that:

(a) The feature of TVEyes' service that enables users to "archive" the clip to the subscriber's "Media Center" is fair use;

(b) The feature of TVEyes' service that enables users to download, to their own computers, video clips does not constitute fair use;

(c) The feature of TVEyes' service that enables users to search for and view television content by the date, time, and channel on which a program aired does not constitute fair use;

(d) The feature of TVEyes' service that permits users to share content by emailing video clips to others can constitute fair use, but only if TVEyes develops and implements adequate protective measures. Opinion and Order Regulating Issues of Fair Use and Granting Cross Motions for Summary Judgment, *Fox News Network, LLC v. TVEyes, Inc.*, 13 Civ. 5315 (S.D.N.Y. Aug. 25, 2015), ECF No. 173.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. <u>Permanent Injunction</u>: TVEyes, and its officers, directors, servants, employees, agents, licensees, representatives, successors, assigns, attorneys and all others in active concert or participation with it, are permanently enjoined from:

>  (a) Enabling users to download to their own computers video clips of content telecast on the Fox News Channel ("FNC") or Fox Business Network ("FBN")
>
>  (b) Enabling users to view FNC or FBN content by searching by date, time, and channel;

        (c)        Enabling users from sharing video clips of FNC or FBN content on social media websites rather than by personally directed emails, and shall implement the limiting and blocking features described in paragraph 8, below;

2. <u>Limitation on Number of Outside Recipients</u>: TVEyes shall limit receipt of any given FNC or FBN clip to 5 recipients outside of a subscriber's organization's email domain (or other domains or sub-domains identified in good faith by the subscriber as being part of their organization when they sign up for the service). TVEyes will not allow clients to list Gmail or other widely used email providers as the domain name associated with their organization.

3. <u>Authentication of Recipient Email Address</u>: A recipient of a link to an FNC or FBN clip sent via the TVEyes email feature who is outside the TVeyes clients' organization will be required to enter her own email address into a box on the screen before the clip will play. If the email address entered does not match the email address entered by the TVEyes client who sent the email, the clip will not play.

4. <u>Clear and Conspicuous Sender Notification</u>: Before a TVEyes client sends a link to an FNC or FBN clip outside of her organization via the TVEyes email feature, she will be presented with a prominent notification on her screen that indicates that (1) the content is protected by copyright law and may only be used for the purpose of conducting research and analysis consistent with principles of fair use; (2) TVEyes has not licensed the content from FNC or FBN; (3) TVEyes' subscribers are not licensed to the content, and may not reproduce, distribute, or create new works, or display or perform the clips. The notification will include a box that the sender must click, indicating that she has read and understands the foregoing before she is permitted to email the clip.

5. <u>Clear and Conspicuous Recipient Notification</u>: When a recipient of an email sent via TVEyes' email feature containing a link to an FNC or FBN clip clicks on that link to view the clip, she will be presented with a prominent notification on her screen that indicates that (1) the content is protected by copyright law and may only be used for the purpose of conducting research and analysis consistent with principles of fair use; (2) TVEyes has not licensed the content from FNC or FBN; (3) TVEyes' subscribers are not licensed to the content, and may not reproduce, distribute, or create new works, or display or perform the clips. The notification will include a box that the recipient must click, indicating that she has read and understands the foregoing before she is permitted to email the clip.

6. <u>Blocking Social Media Sharing</u>: TVEyes shall implement a blocking feature that will prevent links to FNC or FBN clips stored on any servers owned or leased by TVEyes from playing when they are accessed from links posted to the major social sharing services on the internet, as identified by Alexa.com or a similar web analytics listing service. TVEyes will also block plays linked from domain names associated with the blocked sites (such as "url shorteners") to ensure that its list of blocked domains remains comprehensive. Examples of such social media sites include: twitter.com; t.co (Twitter's URL shortener); facebook.com; fb.me (Facebook's URL shortener); linkedin.com; pinterest.com; plus.google.com; tumblr.com; vine.co; snapchat.com; hubs.ly (Hubspot, a social media posting system); bit.ly (Bitly, a social media posting system); buff.ly (Buffer, a social media posting system); and reddit.com.

7. <u>Notice and Cure</u>: In the event that during the first year after the Effective Date of this Order uses of FNC and FBC content are considered by Plaintiffs to violate this Order, Fox News shall notify TVEyes and the parties will cooperate to speedily resolve the matter in a manner

consistent with this Order. Failing prompt resolution, either party may bring the issue to the attention of the Court for the Court's resolution.

8. Continuing Jurisdiction: Jurisdiction is retained by the Court to enforce compliance with, and consider all issues arising from, or in connection with this Permanent Injunction.

9. Effective Date: This order shall be effective December 14, 2015, and any further date ordered by this Court or the Court of Appeals incident to any appeal from this order.

SO ORDERED this 6 day of November, 2015

ALVIN K. HELLERSTEIN
United States District Judge